David L. Campbell
State Bar No. 03698500
Eli D. Pierce
State Bar No. 24092972
UNDERWOOD PERKINS, P.C.
5420 LBJ Freeway, Suite 1900
Dallas, Texas 75240
dcampbell@uplawtx.com
T: (972) 661-5114
F: (972) 661-5691
Attorneys for Kamat Damani

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 20-32645-SGJ11 |
| | § | |
| Movie Grill Concepts LV, LLC,[1] | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

## MOTION OF KAMAT DAMANI
## TO CORRECT STIPULATION REGARDING
## PROOF OF CLAIM NO. 268 [DOCKET NO. 1317] AND RECONSIDER CLAIM NO. 268

> If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txnb.uscourts.gov/ no more than twenty-four (24) days after the date this motion is filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk and filed on the docket no more than twenty-four (24) days after the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested. DEADLINE TO FILE OBJECTION: SEPTEMBER 15, 2023

Kamat Damani, creditor and party in interest ("Damani" or "Movant"), files this Motion to Correct Stipulation Regarding Proof of Claim No. 268 [Docket No. 1317] ("Stipulation") and Reconsider Claim No. 268, would show to this Court the following:

---

[1] A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/Clients/smgh/Index.

**Motion of Kamat Damani to Correct Stipulation
Regarding Proof of Claim No. 268 [Docket No. 1317]**          Page 1 of 9
200138998v1 D1198 00001 Mot to Correct Stipulation Re POC 268 v2

1. This Motion is brought pursuant to 11 USC § 502(j) and Bankruptcy Rules 3008 and 9024 (incorporating Fed R. Civ. P. 60). This Court has jurisdiction over this matter pursuant to the aforesaid statutes and Rules and this Court's Confirmation Order [Docket No. 875].

## SUMMARY OF RELIEF REQUESTED

2. Movant entered into the Stipulation [Docket No. 1317] ("Stipulation") with the GUC Trustee and the Debtor to resolve Movant's workers' compensation claim. The Stipulation also provided for the disallowance of Damani's filed Claim No. 268 ("Claim 268") based on the Parties' mistaken belief that Claim 268 was the worker's compensation claim. Claim 268, however, was a totally separate claim for employment discrimination and should never have been included in the Stipulation. Movant requests that this Court correct the parties' mutual mistake by entering an order reflecting the Stipulation's intent.

## BACKROUND FACTS

3. In March 2017, Movant filed a charge against his employer, Movie Grill Concepts XXVI, LLC the ("Debtor"), with the Illinois Department of Human Rights ("Department") alleging various counts of discrimination based on disability, national origin, and race (the "Charge"). The Charge was docketed as 2017CP2077. On investigation, the Department determined there was a lack of substantial evidence of discrimination and dismissed the Charge.

4. Movant then filed a request for review before the Illinois Human Rights Commission ("Commission"). The Commission sustained the Department's dismissal, citing a lack of substantial evidence of discrimination. Movant then filed a petition for direct administrative review with the Illinois Appellate Court, which was duly docketed before that court as case 1-19-1864. That review has been briefed and is pending a decision (and possibly oral argument) but has been stayed by this bankruptcy.

**Motion of Kamat Damani to Correct Stipulation
Regarding Proof of Claim No. 268 [Docket No. 1317]** Page 2 of 9
200138998v1 D1198 00001 Mot to Correct Stipulation Re POC 268 v2

5. On April 9, 2018, Movant filed an arbitration against the Debtor alleging a workplace injury under the Illinois Workers Compensation Act ("Arbitration"). This was a separate, unrelated claim to the Charge. Thereafter, on October 23, 2020, the Debtor and other related entities filed bankruptcy petitions under chapter 11 of the United States Code ("Bankruptcy Code").

6. On February 5, 2021, Movant filed Claim 268 on the Charge in the Bankruptcy Case which was docketed as Claim No. 4 in the Bankruptcy Case Claims Register. A copy of Claim 268 is attached hereto to **Exhibit "A"**. Claim 268 was then registered by the claims agent, Donlin, Recano & Company, LLC ("Claims Agent") and given the claim number 268 on its website. A review of Claim 268 shows clearly that it concerns the Charge and has nothing to do with the Arbitration matter.

7. On March 31, 2021, this Court confirmed a Plan of Reorganization which became effective on April 15, 2021. The GUC Trust was created pursuant to the confirmed Plan and the GUC Trustee was appointed as trustee of the GUC Trust.

8. On September 9, 2022, The GUC Trustee filed its Tenth Omnibus Objections to Claims (Books and Records) (the "Claim Objection"), including Claim 268.

## THE STIPULATION

9. At the time the Stipulation was drafted and executed, the Arbitration was open and pending. Damani had effectively concluded medical treatment and Mr. Brenton Schmitz, a Chicago attorney for Movant was conducting informal settlement discussions with the workers' compensation insurance carrier, Hanover, as well as with Damani's treating medical providers regarding outstanding billing. Once Mr. Schmitz became aware that the bankruptcy stay might still apply, he immediately notified counsel for Hanover, and ceased any sort of settlement negotiations until the Stipulation was effective. Counsel for Hanover reviewed the Stipulation

**Motion of Kamat Damani to Correct Stipulation
Regarding Proof of Claim No. 268 [Docket No. 1317]**  Page 3 of 9
200138998v1 D1198 00001 Mot to Correct Stipulation Re POC 268 v2

prior to entry, and confirmed that Hanover's policy would fully cover the claim, with no risk to the Debtor. Mr. Schmitz was unable to re-engage in settlement negotiations between the time the Stipulation was entered and when the Stipulation was found to be erroneous. Once the error in the Stipulation became apparent, Mr. Schmitz took no further action in the Arbitration. The Arbitration remains open and Arbitrator Joseph Amarilio of the Illinois Workers' Compensation Commission holds a status conference every three months. Arbitrator Amarilio is fully apprised of the situation and agrees that the Arbitration should not move forward until the issues regarding the Stipulation are resolved.

10. On September 20, 2022, Mr. Schmitz sent an email to counsel for the GUC Trustee, Steve Golden, Robert Feinstein, and Jefferey Pomerantz, acknowledging receipt of the Tenth Omnibus Objection and asking to discuss an agreed order allowing the Arbitration to proceed against Hanover. Mr. Golden responded the same day that he would prepare the Stipulation. On September 21, Mr. Golden requested a copy of the initiating documentation for the Arbitration, which Schmitz provided on the same date. Mr. Golden sent a draft of the Stipulation to Mr. Schmitz on September 22. The Stipulation provided that Movant could proceed with the Arbitration but Movant's recovery was limited to what Movant could obtain from Hanover. The Stipulation also provided for the disallowance of Claim 268. By September 29, Mr. Schmitz had confirmed with counsel for Hanover that their policy fully covered the claim without a deductible and that Mr. Schmitz was in agreement. Mr. Schmitz executed the Stipulation and returned it to Mr. Golden on September 29.

11. Subsequently, Mr. Schmitz realized that Claim 268 was not related to the Arbitration but instead related to the Charge. On December 22, 2022, Mr. Schmitz emailed Mr. Golden and Mr. Pomerantz regarding the error in the Stipulation. Mr. Golden informed Mr. Schmitz that the GUC Trustee would not agree to correct the Stipulation.

**Motion of Kamat Damani to Correct Stipulation
Regarding Proof of Claim No. 268 [Docket No. 1317]** Page 4 of 9
200138998v1 D1198 00001 Mot to Correct Stipulation Re POC 268 v2

12. The contents of the Stipulation clearly show that it was not intended to disallow claims unrelated to the Arbitration including Claim No. 268. For example, "Claim 268" is a defined term in the Stipulation but it refers to a claim no. 257, which was a claim filed by a different related creditor. Stipulation at 4. There is no mention of the Movant's filing of a proof of claim docketed as No. 4. in the claims register. Furthermore, the Stipulation states that Claim No. 268 "and any other claims or proofs of claim held, asserted, filed or to be filed by [Movant] in *connection with the Arbitration against the Debtors…. are…. deemed disallowed* [emphasis added]." *Id.* The Stipulation makes no mention of the Charge.

13. Similarly, paragraph 5 of the Stipulation, addresses the impact (or lack thereof) of the Stipulation on claims that Movant may have against the Debtor's insurers.

## REQUESTED RELIEF

14. Movant request that this Court order that the Stipulation be corrected by replacing it with the form of Stipulation attached as **Exhibit "B"** hereto (also attached as **Exhibit "C"** is redline comparing the original Stipulation to the proposed new Stipulation). The corrected Stipulation would remove all references to Claim 268 but retain all provisions relating to the workers comp claim that the original Stipulation was intended to address.

15. This Court has the power to grant this relief. Section 502(j) of the Bankruptcy Code provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause." The Code further provides that "[a] reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). A motion is the proper vehicle for this Court to reconsider Claim 268 and correct the Stipulation. Bankruptcy Rule 3008. Importantly, Movant is not requesting *allowance* of Claim 268. If this Court grants the requested relief, Claim 268 would still be subject to the pending Claim Objection.

<u>Motion of Kamat Damani to Correct Stipulation
Regarding Proof of Claim No. 268 [Docket No. 1317]</u> Page 5 of 9
200138998v1 D1198 00001 Mot to Correct Stipulation Re POC 268 v2

## CAUSE EXISTS FOR GRANTING THE MOTION

16. Cause exists for correcting the Stipulation and reconsidering the disallowance of claim 268. When determining whether cause exists in this instance, this Court should apply the standards set forth in Federal Rule of Civil Procedure 60(b) incorporated by Bankruptcy Rule 9024.

17. The "for cause" referred to in Section 502(j) depends on the particulars of the situation. *In re Pride Cos.*, L.P., 285 B.R. 366, 369 (Bankr. N.D. Tex. 2002). Rule 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the Judgment is void;
>
> (4) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (5) any other reason that justifies relief.

18. Movant requests reconsideration and correction of the Stipulation under Rule 60(b)(1) and (6) due to the mutual mistake made by the parties in believing Claim 268 was related to Arbitration. Because it is a wholly separate claim, it should not have been included in the

**Motion of Kamat Damani to Correct Stipulation
Regarding Proof of Claim No. 268 [Docket No. 1317]** Page 6 of 9
200138998v1 D1198 00001 Mot to Correct Stipulation Re POC 268 v2

Stipulation. See Declaration of Brenton Schmitz, attached as **Exhibit "D"** to this Motion. As noted by Judge Felsenthal in *In re Harbor Financial Group, Inc.*, 303 B.R. 123, 133 (Bankr. N.D. Tex. 2003):

> Under Rule 60(b), "[c]onsent judgments have been reopened when they were agreed to because of erroneous factual representations. Similarly, judgments entered as a result of settlements may be reopened when fraud or *mutual mistake* is shown [emphasis added].

*Id.*[2]

19. This was not a mistake by one party. As noted in the language of the Stipulation, the Agreement concerned the Arbitration with no mention of the Charge.

20. The granting of this requested relief will not prejudice the GUC Trustee as it may continue its objection to Claim 268.

21. As a result of the foregoing, this Court should enter an order correcting the Stipulation and removing all references to the disallowance of Claim 268. *See In re Nationwide Warehouse & Storage,* LLC, 2005 WL 6487199 (Bankr. N.D. Ga, July 14, 2005).

WHEREFORE, Movant prays that this Court grant the Motion and for such other and further relief to which Movant may be entitled.

Respectfully submitted,

UNDERWOOD PERKINS, P.C.

By: /s/ *David L. Campbell*
David L. Campbell
State Bar No. 03698500
Eli D. Pierce
State Bar No. 24092972
5420 LBJ Freeway, Suite 1900
Dallas, Texas 75240
dcampbell@uplawtx.com

---

[2] In *Harbor Financial Corp*, the bankruptcy court found that on the facts of that case, there was no mutual mistake. *Id at 134.*

epierce@uplawtx.com  
Telephone: (972) 661-5114  
Facsimile: (972) 661-5691  
*Attorneys for Kamat Damani*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August 2023, a true and correct copy of the above and foregoing has been served by electronic transmission to all registered CM/ECF users appearing in these cases and via email to the following parties:

| | |
|---|---|
| Jeffrey N. Pomerantz<br>jpomerantz@pszjlaw.com | Jeffrey M. Veteto<br>jeff@fjwright.law |
| Robert J. Feinstein<br>rfeinstein@pszjlaw.com | Steven W. Golden<br>sgolden@pszjlaw.com |
| Brenton M. Schmitz<br>bschmitz@mcharguelaw.com | |

*/s/ David L. Campbell*  
David L. Campbell

**Motion of Kamat Damani to Correct Stipulation**
**Regarding Proof of Claim No. 268 [Docket No. 1317]**          Page 8 of 9
200138998v1 D1198 00001 Mot to Correct Stipulation Re POC 268 v2

## CERTIFICATE OF CONFERENCE

On the 21st day of August 2023, a conference was held with Stephen Colden, counsel for the GUC Trust on the merits of the Stipulation with Kamat Damani Regarding (I) Proof of Claim Number 268 and (ii) Relief From The Automatic Stay and Plan Injunction filed on October 27, 2022 ("Stipulation"). Mr. Golden did not agree to Movant's requested relief.

*/s/ David L. Campbell*
David L. Campbell

Motion of Kamat Damani to Correct Stipulation
Regarding Proof of Claim No. 268 [Docket No. 1317]                                               Page 9 of 9
200138998v1 D1198 00001 Mot to Correct Stipulation Re POC 268 v2