Robert J. Feinstein (admitted *pro hac vice*)
Steven W. Golden (SBT 24099681)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Tel: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to the GUC Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 20-32645-SGJ11 |
| | § | |
| MOVIE GRILL CONCEPTS LV, LLC, *et al.*,[1] | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

**MOTION FOR (I) APPROVAL OF FINAL PAYMENT OF TRUST COSTS, TERMINATION OF GUC TRUST, AND DISCHARGE OF GUC TRUSTEE; AND (II) ENTRY OF FINAL DECREE CLOSING SURVIVING CASE**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON JANUARY 29, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

---

[1] The Debtor in this chapter 11 case and the last four digits of its federal tax identification number are: Movie Grill Concepts LV, LLC (4699). The remaining Debtor cases were closed pursuant to a Final Decree entered by the Court on September 30, 2022 [Docket No. 1300].

Advisory Trust Group, LLC (the "GUC Trustee"), solely in its capacity as GUC Trustee of the GUC Trust (the "GUC Trust"), respectfully submits this motion (the "Motion") for: (i) approval of the final payment of Trust Costs, the termination of the GUC Trust, and the discharge of the GUC Trustee; and (ii) entry of a final decree closing the above-captioned case (the "Surviving Case"). In support of this Motion, the GUC Trustee respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**General Background**

2. On October 23, 2020 (the "Petition Date"), Studio Movie Grill Holdings, LLC and its debtor affiliates (collectively, the "Debtors" or the "Reorganized Debtors," as applicable) filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code").

3. On March 31, 2021, the Court entered the order [Docket No. 875] (the "Confirmation Order") confirming the *Debtors' Fourth Amended Joint Chapter 11 Plan of Reorganization* (the "Plan"). The Plan became effective by its terms on April 15, 2021 (the "Effective Date"). *See Notice of (I) Entry of Order Confirming the Debtors' Fourth Amended Joint Chapter 11 Plan of Reorganization and (II) Occurrence of the Effective Date* [Docket No. 917].

4. The GUC Trust was created pursuant to the Plan and the GUC Trust. Advisory Trust Group, LLC was appointed as the GUC Trustee of the GUC Trust. *See* Plan at Art. IV.B.1–2.

5. Pursuant to the Plan, the Reorganized Debtors were authorized to close all but one of these cases upon the occurrence of the Effective Date. *See* Plan Art. IV.L. The Plan further provides: "When all Disputed Claims have become Allowed or Disallowed and all remaining Cash has been distributed in accordance with the Plan, the GUC Trustee, with the consent of the Agent, shall seek authority from the Bankruptcy Court to close any Chapter 11 Case that remains open as of such time in accordance with the Bankruptcy Code and the Bankruptcy Rules." *Id.*

6. On September 7, 2022, the Reorganized Debtors filed the *Reorganized Debtors' Motion for Entry of Final Decree Closing Certain of the Chapter 11 Cases* [Docket No. 1230]. On September 30, 2022, the Court entered the *Final Decree Closing Certain of the Chapter 11 Cases* [Docket No. 1300], which closed all of the Reorganized Debtors' cases except for the Surviving Case.

7. The conditions set forth in the Plan for closure of the Surviving Case have been met. After making a final distribution to GUC Trust Beneficiaries, the only assets remaining in the GUC Trust is the GUC Trust's bank account, holding approximately $134,000.00.

8. The GUC Trust estimates that the following expenses remain to complete the GUC Trust administration (collectively, the "Trust Costs"):

    a. Remaining costs for tax return filings of approximately $10,000.00, U.S. Trustee fees of approximately $1,500.00, and other administrative costs of approximately $32,500.00; and

    b. Remaining outstanding professional fees of approximately $90,000.00.

### Relief Requested

9. The GUC Trustee respectfully requests entry of an order in substantially the form attached hereto as **Exhibit A**, in accordance with the Plan and GUC Trust Agreement, seeking:

(i) approval of the final payment of Trust Costs, the termination of the GUC Trust, and the discharge of the GUC Trustee; and (ii) entry of the Final Decree closing the Surviving Case.

## Basis for Relief

**A.     Payment of Trust Costs and Termination of GUC Trust**

10.    Pursuant to Article 9.2 of the GUC Trust Agreement,[2]

> <u>Termination of the Trust</u>. The GUC Trustee and the GUC Trust shall be discharged or terminated, as the case may be, at such time as all distributions required to be made by the GUC Trustee to the Beneficiaries have been made, but in no event shall the GUC Trust be terminated later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such fifth anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made at least six (6) months before the end of the preceding extension), determines that a fixed period extension (not to exceed three (3) years, together with any prior extensions, unless a favorable letter ruling from the Internal Revenue Service that any further extension would not adversely affect the status of the Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the GUC Trust Assets. The GUC Trust may not be terminated at any time by the Beneficiaries. In connection with the termination of the GUC Trust, notwithstanding other provisions hereof, including section 3.1, any remaining GUC Trust Assets that the GUC Trustee determines, in its sole discretion, are of inconsequential value or otherwise insufficient to support the cost of a distribution, may be transferred by the GUC Trustee to a non-profit charitable organization qualifying under section 501(c)(3) of the IRC.

GUC Trust Agreement Art. 9.2.

11.    Upon the final payment of Trust Costs, the GUC Trustee will have disposed of all Trust Assets and the GUC Trust shall terminate under the terms of the GUC Trust Agreement.

12.    Accordingly, the GUC Trustee seeks approval to terminate the Trust in accordance with the Trust Agreement.

---

[2] The "GUC Trust Agreement" is that certain GUC Trust Agreement and Declaration of Trust dated January 18, 2018.

13. The GUC Trustee also hereby provides notice that, upon entry of a final decree and the termination of the GUC Trust, it may destroy or abandon any files, documents, or electronic information in its possession related to the chapter 11 cases.

**B.     Final Decree**

14. Section 350(a) of the Bankruptcy Code provides that the Court shall close a case after the estate has been fully administered. 11 U.S.C. § 350(a). In addition, Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Moreover, section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

15. There is no definition of "fully administered" in the Bankruptcy Code or the Bankruptcy Rules. However, the non-exclusive list of factors set forth in the Advisory Committee Note to Bankruptcy Rule 3022 provides guidance. *See Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)*, No. 01-4242, 2002 U.S. App. LEXIS 16059, at *5–8 (6th Cir. Aug. 5, 2002); *Shotkoski v. Fokkena (In re Shotkoski)*, 420 B.R. 479, 483 (B.A.P. 8th Cir. 2009); *In re Union Home & Indus., Inc.*, 375 B.R. 912, 916–17 (B.A.P. 10th Cir. 2007) (noting that the court must consider case-specific, procedural, and practical factors in the exercise of its discretion under Bankruptcy Rule 3022); *Weaver v. Tex. Capital Bank (In re SL Mgmt., LLC)*, No. 09-04254, 2010 Bankr. LEXIS 1074, at *10–11 (Bankr. N.D. Tex. Mar. 30, 2010) (noting that the Advisory Committee Note does not require that all claims be paid before a case is considered "fully administered").

16. The Advisory Committee Note to Bankruptcy Rule 3022 lists certain factors that, among other case-specific and practical factors to be considered by the Court in its discretion, may be helpful to determine whether a case has been fully administered, including whether the order confirming the plan has become final, whether the debtor has assumed the business addressed by the plan of reorganization, and whether payments under the plan of reorganization have commenced. *See* Fed. R. Bankr. P. 3022, Advisory Committee Notes (1991).

17. Bankruptcy Rule 3022 is intended to allow courts a flexible standard for determining whether an estate is fully administered. The determination is made on a "case-by-case basis . . . [and] not all the factors set forth in the Advisory Committee Note need to be present to establish that a case is fully administered for final decree purposes." *Spierer*, 2002 U.S. App. LEXIS 16059, at *7; *see also In re Union Home & Indus.*, 375 B.R. at 917 ("The factors listed in the Advisory [Committee] Note are not considered exhaustive, nor must a party demonstrate all of the factors, before the court may find a case to be fully administered."). The mere possibility that the Court's jurisdiction may be invoked in the future does not mean that the Court should keep the case open. *Spierer*, 2002 U.S. App. LEXIS 16059, at *7 (quoting the Advisory Committee Note).

18. Here, the bankruptcy estate of the Debtor in the Surviving Case has been fully administered, and the GUC Trust has completed its work in administering the GUC Trust Assets. No purpose would be served in keeping the Surviving Case open any longer. The Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code. The Confirmation Order has become final, and upon completion of the final GUC Trust tasks and payment of Trust Costs, the GUC Trustee will have fulfilled all of its obligations under the GUC Trust Agreement.

## Notice

19. Notice of this Motion will be given to the U.S. Trustee and all other parties on the Complex Service List. The GUC Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## Conclusion

WHEREFORE, based upon the foregoing, the GUC Trustee respectfully requests that the Court: (a) grant this Motion; (b) enter an order substantially in the form of the order attached hereto as **Exhibit A**; and (c) grant such other and further relief as the Court deems just and proper.

Dated: January 8, 2024

Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Steven W. Golden*
Robert J. Feinstein (admitted *pro hac vice*)
Steven W. Golden (SBT 24099681)
780 Third Avenue, 34th Floor
New York, NY 10017
Tel: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to the GUC Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2024, a true and correct copy of the foregoing document was caused to be served via the Court's electronic filing system (ECF) upon all parties receiving such service in this bankruptcy case on the date and time filed, and by email to counsel for the Reorganized Debtors and the Office of the United States Trustee.

*/s/ Steven W. Golden*
Steven W. Golden

## CERTIFICATE OF CONFERENCE

Prior to the filing of the Motion, counsel to the GUC Trustee consulted with counsel to the United States Trustee, who indicated that the United States Trustee generally had no issues with the Motion, reserving the right to further review.

*/s/ Steven W. Golden*
Steven W. Golden

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 20-32645-SGJ11 |
| | § | |
| MOVIE GRILL CONCEPTS LV, LLC, *et al.*,[1] | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING MOTION FOR (I) APPROVAL OF FINAL PAYMENT OF TRUST COSTS, TERMINATION OF THE GUC TRUST, AND DISCHARGE OF GUC TRUSTEE; AND (II) ENTRY OF FINAL DECREE CLOSING SURVIVING CASE**
(Related Docket No._____)

Upon the motion (the "Motion")[2] of Advisory Trust Group, LLC (the "GUC Trustee"), solely in its capacity as GUC Trustee of the GUC Trust (the "GUC Trust"), seeking entry of an order (this "Order"): (i) approving the final payment of Trust Costs, the termination of the Trust, and the discharge of the GUC Trustee; and (ii) entry of a Final Decree closing the Surviving Case,

---

[1] The Debtor in this chapter 11 case and the last four digits of its federal tax identification number are: Movie Grill Concepts LV, LLC (4699). The remaining Debtor cases were closed pursuant to a Final Decree entered by the Court on September 30, 2022 [Docket No. 1300].

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

DE:4887-1266-1912.1 01212.001

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Upon payment of final Trust Costs, the GUC Trust shall terminate under the terms of the GUC Trust Agreement, and the GUC Trustee shall be discharged from all duties under the Plan and GUC Trust Agreement without further order of this Court.

3. Upon the termination of the GUC Trust, the GUC Trustee and its professionals shall be discharged from all liability to the GUC Trust, beneficiaries, and all persons for acts or omissions in the GUC Trustee's capacity contemplated by the GUC Trust Agreement or the Plan. Having complied with the obligations under the Plan, the GUC Trust Agreement, and the Confirmation Order, the GUC Trustee and its professionals, agents, and personnel are not liable to the holder of any claim or interest or to any other person regarding their performance under the GUC Trust Agreement, the Plan, the Confirmation Order, or applicable law.

4. Notwithstanding the termination of the GUC Trust, the GUC Trustee is authorized and directed to take any action that is necessary to effectuate the post-termination administration of the GUC Trust. Such authorized and directed actions by the GUC Trustee include, but are not limited to, performing the duties necessary to complete the administration of the GUC Trust, reviewing and signing tax returns for the GUC Trust, and authorizing counsel to resolve any matters, including payment of fees and expenses of professionals and service providers.

5. The Surviving Case, for Debtor Movie Grill Concepts LV, LLC, Case No. 20-32645, shall be and hereby is closed.

6. The Clerk of the Court shall enter this Order and Final Decree on the docket of the Surviving Case, and such docket shall be marked as "Closed."

7. To the extent not already paid, the fees required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid by the GUC Trustee as soon as reasonably practicable after the date of the entry of this Order, but not later than 30 days after entry of this Order.

8. To the extent not already filed, the GUC Trustee will file any remaining post-confirmation quarterly reports as soon as reasonably practicable after the date of the entry of this Order, but not later than 30 days after entry of this Order.

9. The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

10. The GUC Trustee and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

### ### END OF ORDER ###

**Respectfully submitted by:**

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Steven W. Golden*
Robert J. Feinstein (admitted *pro hac vice*)
Steven W. Golden (SBT 24099681)
780 Third Avenue, 34th Floor
New York, NY 10017
Tel: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to the GUC Trustee*